UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **Janeele C. Guyton,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:13-cv-1899 |
| | ) |
| **Turning Point Solutions, LLC,** | ) |
| **John Graziano, Ted Burns,** | ) |
| **"Jane Doe" Roberson and** | ) **JURY TRIAL DEMANDED** |
| **Timothy Cooper,** | ) |
| | ) |
| **Defendants.** | ) |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff Janeele C. Guyton's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff, Janeele C. Guyton, (hereinafter "Plaintiff") is a natural person who resides in Florissant, County of St. Louis, State of Missouri, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

-1-

5. Defendant Turning Point Solutions, LLC, (hereinafter "Defendant TPS") is a collection agency organized under the laws of the State of New York and operating from an address of 3221 Southwestern Boulevard, Orchard Park, New York, 14217, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant John Graziano (hereinafter "Defendant Graziano") is a natural person who was employed at all times relevant herein by Defendant TPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Ted Burns (hereinafter "Defendant Burns") is a natural person who was employed at all times relevant herein by Defendant TPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant "Jane Doe" Roberson (hereinafter "Defendant Roberson") is a natural person who was employed at all times relevant herein by Defendant TPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Defendant Timothy Cooper (hereinafter "Defendant Cooper") is a natural person who was employed at all times relevant herein by Defendant TPS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

10. Sometime prior to July, 2012, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, an installment loan with Western Sky Financial, LLC, in the approximate amount of $1,500.00.

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Cash Call Inc., and then consigned, placed or otherwise transferred to Defendant TPS for collection from Plaintiff.

12. On or about April 2, 2013 at 10:06 am CST, Plaintiff received a phone call from Defendant Cooper.  Defendant Cooper left a voicemail on Plaintiff's cell phone portraying himself as an associate with a law firm to Plaintiff, represented to Plaintiff that a secondary breach of contract case was pending, represented to Plaintiff that contact must be made in 24 hours or a plea of no contest will be entered, threatened Plaintiff that if a return call was not made, a case would be filed without consent, Defendant Cooper did not identify himself as an employee of Defendant TPS, and failed to provide the debt collection disclaimer as required by 15 U.S.C. 1692e(11).  This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. On or about April 3, 2013 at 8:42 am CST, Plaintiff received a phone call from Defendant Graziano.  Defendant Graziano left a voicemail on Plaintiff's cell phone portraying himself as a process server to Plaintiff, represented to Plaintiff that a federal case was pending, threatened to have her served with legal papers at home and at work, represented to Plaintiff that contact must be made with an arbitrator to obtain a federal stop order to prevent further action, did not identify himself as an employee of Defendant TPS, and failed to provide the debt collection disclaimer as required by 15 U.S.C. 1692e(11).  This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. On or about May 6, 2013 at 12:26 pm CST, Plaintiff received a phone call from Defendant Roberson.  Defendant Roberson left a voicemail on Plaintiff's cell phone portraying

herself as a process server to Plaintiff, represented to Plaintiff that a federal case was pending, threatened to have her served with legal papers at home and at work, represented to Plaintiff that contact must be made with an arbitrator to obtain a federal stop order to prevent further action, did not identify herself as an employee of Defendant TPS, and failed to provide the debt collection disclaimer as required by 15 U.S.C. 1692e(11).  This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. On or about May 13, 2013 at 08:26 am CST, Plaintiff received a phone call from Defendant Roberson.  Defendant Roberson left a voicemail on Plaintiff's cell phone portraying herself as a process server to Plaintiff, represented to Plaintiff that a federal case was pending, threatened to have her served with legal papers at home and at work, represented to Plaintiff that contact must be made with an arbitrator to obtain a federal stop order to prevent further action, did not identify herself as an employee of Defendant TPS, and failed to provide the debt collection disclaimer as required by 15 U.S.C. 1692e(11).  This call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. On June 27, 2013, Plaintiff received a phone call from Defendant Burns.  During this call, Plaintiff requested a 30-day validation letter, as required by 15 U.S.C. 1692g, from Defendant Burns.  Defendant Burns advised Plaintiff he would email her the required validation information within 72 hours.  To this date, Plaintiff has not received a 30-day validation letter. Despite a request for validation, Defendant Burns still attempted to obtain payment and/or settlement of the debt from Plaintiff within the 30 day period of time before the debt was validated.

17. Between April 3, 2013, and June 11, 2013, Plaintiff received approximately thirty-five (35) calls from Defendant TPS' agents, including one on May 7, 2013, at 9:48 p.m. These calls were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. Many of the calls between April 3, 2013, and June 11, 2013, were received by Plaintiff while she was at her place of employment. On these calls, Defendant TPS' agents threatened to have Plaintiff served with legal papers at her place of employment.

19. From November 2012 through July 2013, Plaintiff was employed by Kelly Services at 55 Westport Plaza, Suite 450, St. Louis, Missouri, 63146.

20. Over the course of several months, many of the calls from Defendants to Plaintiff on this matter were during business hours causing Plaintiff disgrace for not being able to pay her bill and having to continually deal with the calls resulting in anxiety, trouble sleeping, nausea, tension, headaches and stress.

*Summary*

21. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant TPS were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. 1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(3), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692e(14), 1692f, 1692f(1), 1692g and 1692g(b).

22. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but

not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion.

23. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant TPS were made in violation of numerous and multiple provisions of the New York City Administrative Code including, but not limited to, Title 20, Chapter 2 sections 20-489, 20-493.1(a), 20-493.2(a) and 20-494.

24. All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant TPS were made in violation of numerous and multiple provisions of the Consumer Protection Rules of the City of New York, including but not limited to 5-77(b)(1)(i), 5-77(b)(1)(iii), 5-77(b)(1)(iv), 5-77(c), 5-77(c)(4), 5-77(c)(6), 5-77(d), 5-77(d)(2), 5-77(d)(4), 5-77(d)(6), 5-77(d)(12), 5-77(d)(13), 5-77(d)(15), 5-77(e), 5-77(e)(1), 5-77(e)(6), and 5-77(f).

25. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

26. The acts and omissions of Defendants Cooper, Graziano, Roberson and Burns, employed as agents by Defendant TPS, who communicated with Plaintiff as further described herein, was committed within the time and space limits of their agency relationship with their principal, Defendant TPS.

27. The acts and omissions by Defendants Cooper, Graziano, Roberson and Burns were incidental to, or of the same general nature as, the responsibilities the agents were authorized to perform by Defendant TPS in collecting consumer debts.

28. By committing these acts and omissions against Plaintiff, Defendants Cooper, Graziano, Roberson and Burns were motivated to benefit their principal, Defendant TPS.

29. Defendant TPS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of city, state and federal laws and regulations by its collection employees, including but not limited to violations of the FDCPA and New York law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

33. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

34. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

35. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

36. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its**

    **<u>customers</u>** and to protect the security and confidentiality of those customers' nonpublic personal information.

  15 U.S.C. § 6801(a) (emphasis added).

37. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

38. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

39. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

40. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

41. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III.

## VIOLATIONS OF THE NEW YORK CITY ADMINISTRATIVE CODE

### Chapter 2 Title 20 et seq.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the New York City Administrative Code including, but not limited to, Title 20, Chapter 2 sections 20-489, 20-493.1(a), 20-493.2(a) and 20-494 with respect to Plaintiff.

44. As a result of each Defendant's violations of the New York City Administrative Code, Plaintiff is entitled to statutory damages in an amount of not less than $700.00 and not more than $1,000.00 for each violation pursuant to Chapter 2, 20.494(a), and her reasonable attorney's fees and costs herein.

## COUNT IV.

## VIOLATIONS OF THE CONSUMER PROTECTION RULES OF

## THE CITY OF NEW YORK

### Title 6 Chapter 5 Part 6 et seq.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the Consumer Protection Rules of the City of New York, including but not limited to 5-77(b)(1)(i), 5-77(b)(1)(iii), 5-77(b)(1)(iv), 5-77(c), 5-77(c)(4), 5-77(c)(6), 5-77(d), 5-77(d)(2), 5-77(d)(4), 5-77(d)(6), 5-77(d)(12), 5-77(d)(13), 5-77(d)(15), 5-77(e), 5-77(e)(1), 5-77(e)(6), and 5-77(f).

47. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

## COUNT III.

## VIOLATIONS OF THE NEW YORK CITY ADMINISTRATIVE CODE

## Chapter 2 Title 20 et seq.

- for an award of statutory damages of not less than $700.00 and not more than $1,000.00 for each violation pursuant to 20-494 against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees against each Defendant and for Plaintiff;

## COUNT IV.

## VIOLATIONS CONSUMER PROTECTION RULES OF

## THE CITY OF NEW YORK

### Title 6 Chapter 5 Part 6 et seq.

- for an award of actual damages from each Defendant for the emotional distress suffered as a result of the intentional and/or negligent New York City Rule Consumer Protection Rule in an amount to be determined at trial and for Plaintiff;

Respectfully submitted,

**CASTLE LAW OFFICE OF ST. LOUIS, P.C.**

By: /s/ James R. Brown
James R. Brown, 42100MO
500 N. Broadway, Suite 1400
St. Louis, MO 63102
(314) 446-4652
(314) 241-7889 – fax
edmo@castlelaw.net
Attorney for Plaintiff

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF MISSOURI            )
                             ) ss
COUNTY OF ST. LOUIS          )

Pursuant to 28 U.S.C. § 1746, Plaintiff Janeele C. Guyton, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     08       23    , 2013
             Month      Day        Year

_Janeele Guyton_
Signature